CILENTI & COOPER, PLLC
Giustino (Justin) Cilenti (GC2321)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X
ESTEBAN SANCHEZ, on behalf of himself and others : Case No. 17-CV-1444
similarly situated, :
:
Plaintiff, : FLSA COLLECTIVE
: ACTION and RULE 23
-against- : CLASS ACTION
: COMPLAINT
POLLOS PUCALOR INC. d/b/a POLLOS PUCALOR, :
POLLOS PUCALOR 2 INC. d/b/a POLLOS PUCALOR, : **Jury Trial**
OLMER PUENTES, and ELVER TOVAR, : **Demanded**
:
Defendants. :
-----------------------------------------------------------------X

Plaintiff ESTEBAN SANCHEZ ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants POLLOS PUCALOR INC. d/b/a POLLOS PUCALOR ("POLLOS PUCALOR"), POLLOS PUCALOR 2 INC. d/b/a POLLOS PUCALOR ("POLLOS PUCALOR 2") (collectively, the "Corporate Defendants" or the "Restaurants"), OLMER PUENTES, and ELVER TOVAR (collectively, the "Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff on his own behalf and on behalf of all other similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law and Regulations ("NJWHLR"), N.J.S.A. §§ 34:11-56a *et seq.*, arising from the Defendants' failure to pay non-exempt employees at the statutory overtime rate of time and one-half for all hours worked over forty (40) per workweek.

2. Upon information and belief, for more than three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHLR by engaging in an pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation at the statutory rate of time and one-half for all hours worked above forty (40) in a workweek.

3. Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to the NJWHLR, he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) pre-judgment and post-judgment interest, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiff is a resident of Morris County, New Jersey.

8. Defendant, POLLOS PUCALOR, is a domestic business corporation organized under the laws of the State of New Jersey, with a principle place of business located at 85 East Blackwell Street, Dover, New Jersey 07801.

9. Defendant, POLLOS PUCALOR 2, is a domestic business corporation organized under the laws of the State of New Jersey, with a principle place of business located at 239 Martin Luther King Boulevard, Morristown, New Jersey 07960.

10. Defendant, OLMER PUENTES, is the Chief Executive Officer, shareholder, owner, officer, director and managing agent of the Corporate Defendants who participates in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and is jointly and severally liable with the Corporate Defendants.

11. Defendant, ELVER TOVAR, is the General Manager of each of the Restaurants who participates in the day-to-day operations of the Restaurants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and is jointly and severally liable with the Corporate Defendants.

12. The Individual Defendants exercised control over the terms and conditions of Plaintiff's employment in that they have the power and authority to: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the employees' employment.

13. Upon information and belief, during each of the most recent three (3) years, the Corporate Defendants, were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) had and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

14. Defendants employed Plaintiff to work as a non-exempt dishwasher, line cook, and cashier for both of the Defendants' Restaurants.

15. The work performed by Plaintiff was directly essential to the business operated by Defendants.

16. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and NJWHLR.

17. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18. Defendant, OLMER PUENTES, hires employees to work as managers and/or supervisors to participate in the day-to-day operation of the Restaurants.

19. Defendant, OLMER PUENTES, hired defendant ELVER TOVAR to work as a General Manager of the Restaurants. Defendant ELVER TOVAR was one of Plaintiff's direct supervisors.

20. Defendant, OLMER PUENTES, himself also actively participates in the day-to-day operation of the Restaurants. For instance, Mr. Puentes personally supervises and directs the work of the employees, including the managers who also directly supervise the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for errors made.

21. Although defendant OLMER PUENTES provides managers and supervisors with some authority to effectively run the day-to-day operation of the Restaurants, including hiring and firing employees, Mr. Puentes creates, approves, and implements all crucial business policies, including decisions concerning the number of hours the employees work, the amount of pay the employees are entitled to receive, and the manner and method by which the employees are to be paid.

22. In or about October 2013, Defendants hired Plaintiff to work as a non-exempt dishwasher, line cook, and cashier for Defendants' restaurant, known as "Pollos Pucalor," located at 85 East Blackwell Street, Dover, New Jersey (the "Dover Restaurant").

23. In or about January 2014, Defendants transferred Plaintiff to their sister restaurant, also known as "Pollos Pucalor," located at 239 Martin Luther King Boulevard, Morristown, New Jersey (the "Morristown Restaurant"), where he worked in the same capacities.

5

24.     In or about January 2015 and continuing through the remainder of his employment on or about January 28, 2017, Defendants assigned Plaintiff to work at the Dover Restaurant five (5) days per week, and at the Morristown Restaurant one (1) day per week.

25.     Plaintiff worked for Defendants until on or about January 28, 2017.

26.     Plaintiff worked over forty (40) hours per week.

27.     From the beginning of his employment and continuing through in or about December 2013, while working at the Dover Restaurant, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff worked six (6) days per week (off day varied between Monday, Wednesday, or Thursday), and his work shift consisted of eleven and one-half (11½) hours per day from 9:30 a.m. until 9:00 p.m. four (4) days per week; and twelve and one-half (12½) hours on Friday and Saturday from 9:30 a.m. until 10:00 p.m.

28.     During this period, Plaintiff was paid at the rate of $580 per week straight time for all hours worked, and worked seventy-one (71) hours per week (for a regular rate of pay of $8.17 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29.     Beginning in or about January 2014 and continuing through in or about June 2014, while working at the Morristown Restaurant, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff worked six (6) days per week (off day varied between Monday, Wednesday, or Thursday), and his work shift consisted of eleven (11) hours per day from 9:30 a.m. until 8:30 p.m. four (4) days per week; and twelve (12) hours on Friday and Saturday from 9:30 a.m. until 9:30 p.m..

30.     During this period, Plaintiff was paid at the rate of $580 per week straight time for all hours worked, and worked sixty-eight (68) hours per week (for a regular rate of pay of $8.53

per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31. Beginning in or about July 2014 and continuing through in or about December 2014, while working at the Morristown Restaurant, Plaintiff was not paid proper overtime compensation. During this period, while working the same sixty-eight (68) hours per week, Plaintiff was paid at the rate of $600 per week straight time for all hours worked (for a regular rate of pay of $8.82 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32. Beginning in or about January 2015 and continuing through in or about December 2015, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff worked six (6) days per week (off day varied between Monday or Thursday), and his work shift consisted of eleven and one-half (11½) hours per day from 9:30 a.m. until 9:00 p.m. three (3) days per week at the Dover Restaurant; twelve and one-half (12½) hours on Friday and Saturday at the Dover Restaurant from 9:30 a.m. until 10:00 p.m.; and eleven (11) hours on Wednesday at the Morristown Restaurant from 9:30 a.m. until 8:30 p.m.

33. During this period, Plaintiff was paid at the rate of $600 per week straight time for all hours worked, and worked seventy and one-half (70½) hours per week (for a regular rate of pay of $8.39 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

34. Beginning in or about January 2016 and continuing through the remainder of his employment on or about January 28, 2017, Plaintiff was not paid proper overtime compensation. During this period, while working the same seventy and one-half (70½) hours per week, Plaintiff was paid at the rate of $650 per week straight time for all hours worked (for a regular rate of pay

7

of $9.09 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in direct violation of the FLSA and NJWHLR.

36. Upon information and belief, the Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

37. The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

38. The Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

39. Plaintiff's' job performance and responsibilities, as well as the responsibilities of other similarly situated employees, are controlled by one person or group of persons, corporations, or other organizational units acting together.

40. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since March 2, 2014 until the close of the opt-in period (the "Collective Action Period"), and who were compensated at rates less than the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

42. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

43. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

44. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

45. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

46. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

    d. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

47. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

48. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

49. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

50. Plaintiff brings his New Jersey labor law claims on behalf of all persons who were employed by Defendants at any time since March 2, 2014 until the close of the opt-out period in this case (the "Class Period") who were non-exempt employees within the meaning of the NJWHLR and have been paid less than the statutory overtime rate of time and one-half in violation of the NJWHLR (the "Class").

51. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of non-managerial current and former employees and, therefore, is so numerous that joinder is

impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

52. Plaintiff's claims are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

53. The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

54. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

55. Plaintiff will fairly and adequately protect the interests of the NJ Class members. Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

56. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

57. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

58. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. Whether Defendants employed Plaintiff and the Class members within the meaning of the NJWHLR;

    b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

    d. Whether Defendants failed to pay Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the NJWHLR;

    e. Whether Defendants' violations of the NJWHLR are willful as that terms is used within the context of the NJWHLR; and,

    f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, interest, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

59. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61. At all relevant times, the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

62. Upon information and belief, at least within each of the three (3) most recent years, the Corporate Defendants – either jointly or individually, had gross revenues in excess of $500,000.

63. Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

64. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

65. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

66. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week

when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

67. Defendants have failed to make, record, report, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

68. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

69. As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

70. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

71. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New Jersey Wage and Hour Law]

72. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "71" of this Complaint as if fully set forth herein.

73. At all relevant times, Plaintiff and the Class members were employed by Defendants within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a(1)(g).

74. Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay Plaintiff and the Class members overtime compensation at rates of not less than time and one-half for all hours worked in excess of forty (40) hours in a workweek in violation of N.J.S.A. § 34:11-56a4.

75. Defendants knew of and/or showed a willful disregard for the provisions of the NJWHLR as evidenced by their failure to pay Plaintiff and the Class members their lawful overtime compensation for all hours worked when they knew or should have known such was due.

76. Defendants' actions were willful and not in good faith within the meaning of N.J.S.A. §§ 34:11-56a25.2.

77. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of N.J.S.A. § 34:11-56a20, N.J.A.C. §§ 12:56-4.1, 12:56-4.2.

78. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the N.J.A.C. § 12:56-4.4.

79. Plaintiff and the Class members have suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of the Defendants' acts.

80. Due to the Defendants' NJWHLR violations, Plaintiff and the Class members are entitled to recover from the Defendants their unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.J.S.A. 34:11-56.8.

Plaintiff and the Class members are also entitled to liquidated damages pursuant to N.J.S.A. § 34:11-56.8.

## **PRAYER FOR RELEIF**

WHEREFORE, Plaintiff ESTEBAN SANCHEZ, on behalf of himself all other similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New Jersey Wage and Hour Law;

(b) An award of liquidated damages as a result of the Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages as a result of the Defendants' failure to pay overtime compensation pursuant to N.J.S.A. § 34:11-56.8.

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(f) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       March 2, 2017

>                Respectfully submitted,
>
>                CILENTI & COOPER, PLLC
>                *Attorneys for Plaintiff*
>                708 Third Avenue – 6th Floor
>                New York, NY 10017
>                T. (212) 209-3933
>                F. (212) 209-7102
>
>                By: _____
>                    Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Esteban Sanchez__, am an employee currently or formerly employed by __Pollos Pucalor__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__2/16__, 2017